UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL GRESHAM,

               Plaintiff,

v.

UNKNOWN AKINS et al.,

               Defendants.

_____/

Case No. 1:22-cv-1016

Honorable Jane M. Beckering

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff

seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that

were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding

*in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00

civil action filing fees applicable to those not permitted to proceed *in forma pauperis.*[1] This fee

must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff

fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the

case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286

F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/ services-forms/fees/district-court-miscellaneous-fee-schedule.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least eight of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Gresham v. Caruso*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Paine*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Wolak*, No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Verville*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Caruso*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Mich. Dep't of Corr.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008).

Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule in numerous cases. *See, e.g.*, *Gresham v. Crompton*, No. 1:22-cv-1048 (W.D. Mich. Feb. 8, 2023); *Gresham v. Akins*, No. 1:22-cv-1015 (W.D. Mich. Feb. 1, 2023); *Gresham v. Grahn*, No. 1:21-cv-214, 2021 WL 972811 (W.D. Mich. Mar. 16, 2021); *Gresham v. Gauderer*, No. 1:19-cv-802 (W.D. Mich. Nov. 15, 2019); *Gresham v. Falk*, No. 2:19-cv-161 (W.D. Mich. Oct. 10, 2019); *Gresham v. Meden*, No. 2:18-cv-8 (W.D. Mich. June 7, 2018); *Gresham v. Miniard*, No. 1:16-cv-427 (W.D. Mich. June 7, 2016); *Gresham v. Christiansen*, No. 1:16-cv-428 (W.D. Mich. May 13, 2016); *Gresham v. Austin*, 2:16-cv-71 (W.D. Mich. May 2, 2016); *Gresham v. Jenkins*, No. 2:15-cv-11640, 2015 WL 3403942 (E.D. Mich. May 26, 2015); *Gresham v. Yunker*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013); *Gresham v. Nader*, 2:13-cv-212 (W.D. Mich. July 22, 2013); *Gresham v. Napel*, No. 2:13-cv-176 (W.D. Mich. June 12, 2013); *Gresham v. Romanowsky*, No. 2:12-cv-15489 (E.D. Mich. May 10, 2013); *Gresham v. Johnson*, No. 2:13-cv-10351, 2013 WL 1703897 (E.D. Mich. April 19, 2013); *Gresham v. Romanowski*, No. 2:12-cv-14881 (E.D. Mich. Jan. 7, 2013); *Gresham v. Prelesnik*, No. 1:12-cv-276 (W.D. Mich. July 2,

2012); *Gresham v. Czop*, No. 1:12-cv-494, 2012 WL 2317558 (W.D. Mich. June 18, 2012);

*Gresham v. Heyns*, No. 1:12-cv-277 (W.D. Mich. Apr. 11, 2012); *Gresham v. Snyder*, No. 1:12-

cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler*, No. 2:12-cv-12 (W.D. Mich. Apr. 20,

2012); *Gresham v. Snyder*, No. 2:12-cv-22 (W.D. Mich. Mar. 30, 2012); *Gresham v. Mutschler*,

No. 2:12-cv-9 (W.D. Mich. Feb. 10, 2012); *Gresham v. Snyder*, No. 2:12-cv-5 (W.D. Mich. Jan.

27, 2012); *Gresham v. Violetta*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham v. Dahl*, No.

2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel*, No. 2:11-cv-520 (W.D. Mich. Feb. 6,

2012); *Gresham v. LaChance*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Dennis v. Canlis*,

No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the

three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general

requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat
> or prison condition must be real and proximate and the danger of serious physical
> injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x
> 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's
> assertion that he or she faced danger in the past is insufficient to invoke the
> exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488,
> 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the
> exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions
> of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v.
> Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is
> insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the
> allegations must be sufficient to allow a court to draw reasonable inferences that
> the danger exists. To that end, "district courts may deny a prisoner leave to proceed
> pursuant to § 1915(g) when the prisoner's claims of imminent danger are
> conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and
> rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798
> (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at
> 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also
> insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In this action, Plaintiff sues the following Oaks Correctional Facility (ECF) officials: Corrections Officer Unknown Akins, Acting Assistant Deputy Warden J. Erway, Warden Michael Burgess, Inspector T. Mackay, and Unit Chief of Mental Health Brian Majerczyk. (Compl., ECF No. 1, PageID.2.) Plaintiff alleges that before Defendant Akins worked on September 29, 2022, he "sent kites" to Defendants Erway, Burgess, Mackay, and Majerczyk "requesting that [Plaintiff] be protected from [Defendant] Akins['s] ongoing sexual advances, calling him a snitch, and placing a hit on [him]." (*Id.*, PageID.4.)[2] Plaintiff claims that these Defendants "did nothing [and] they sent Plaintiff[']s kites back stating 'he could not get protection from Akins as the PREAs against her had already been investigated.'" (*Id.*) On an unspecified date, "staff then shook down [Plaintiff's] cell and destroyed or confiscated all [of Plaintiff's] kite responses from the supervisors Defendants Erway, Burgess, Mackay, and . . . Majerczyk." (*Id.*)

Subsequently, on October 14, 2022, through October 15, 2022, Defendant Akins "came to work [and] stood on base," and "she yelled '[Plaintiff] is a snitch; he wrote a PREA on me because I forced him to show me his penis and jerk it off for me, and I'll make sure you get paid a secure pack and have hot sex with me if you take a hit on [Plaintiff].'" (*Id.*, PageID.3.) Plaintiff also alleges that during 2:00 a.m. through 6:00 a.m. rounds, Defendant Akins "yelled 'get up snitch'" and "hit Plaintiff[']s . . . door button with the round reader hard keeping [Plaintiff] awake all night

---

[2] In this opinion, the Court corrects the punctuation in the quotations from Plaintiff's complaint.

long." (*Id.*) Plaintiff claims that Defendant Akins "then stated she would have [Plaintiff] attacked like she had prisoner Robert Brown . . . attacked." (*Id.*) Defendant Akins also stated that "she would have [Plaintiff] transferred from the program so he does not get rehabilitative help from the Start Now Program." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that "Defendant Akins conspired and violated Plaintiff['s] . . . 8th Amendment [right] to be free from excessive force when she called [Plaintiff] a snitch . . . and put a hit out on Plaintiff . . . placing Plaintiff in imminent danger of serious physical injury." (*Id.*) Plaintiff also avers that Defendant Akins violated his First Amendment right to be free from retaliation. (*Id.*, PageID.3–4.) With respect to Defendants Erway, Burgess, Mackay, and Majerczyk, Plaintiff avers that these Defendants "conspired and violated" his Eighth Amendment right "to protection from [Defendant] Akins." (*Id.*, PageID.4.)

As set forth above, Plaintiff alleges that he "currently has a hit on him" because Defendant Akins "came to work [and] stood on base" on October 14, 2022, through October 15, 2022, and "she yelled '[Plaintiff] is a snitch; he wrote a PREA on me . . . and I'll make sure you get paid a secure pack and have hot sex with me if you take a hit on [Plaintiff].'" (*Id.*, PageID.3.) Plaintiff also claims that Defendant Akins told him that "she would have [Plaintiff] attacked like she had prisoner Robert Brown . . . attacked." (*Id.*) The Court does not condone such statements by officers; however, despite Defendant Akins's statements and alleged inducement to "take a hit on [Plaintiff]," Plaintiff does not allege that he has suffered any physical injury due to Defendant Akins's statements. (*Id.*) Indeed, although Plaintiff alleges that Defendant Atkins "yelled" her alleged offer to provide favors "if you take a hit on [Plaintiff]" on October 14, 2022, through October 15, 2022—which Plaintiff contends shows that he "currently has a hit on him"—Plaintiff alleges no facts to suggest that other inmates or officers intended to act upon Defendant Akins's

offer. Further, although Plaintiff contends that Defendant Akins told him that "she would have [Plaintiff] attacked like she had prisoner Robert Brown . . . attacked," Plaintiff alleges no facts to suggest that Defendant Akins carried out this verbal threat. (*Id.*) The dearth of factual allegations to show any action by others to carry out the threats leads the Court to conclude that they "are described with insufficient facts and detail to establish that he is in danger of imminent physical injury . . . ." *Rittner*, 280 F. App'x at 798 (footnote omitted). Based on Plaintiff's allegations, they are not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 280 F. App'x at 797). That is not to say that they are "ridiculous . . . baseless . . . fantastic or delusional . . . irrational or wholly incredible." *Id*. (quoting *Rittner*, 280 F. App'x at 798). They are simply insufficient.

Moreover, besides Plaintiff's allegation regarding the hit being placed on him, which as discussed above is insufficient to show that Plaintiff was in danger of imminent physical injury when he filed his complaint, all of Plaintiff's other allegations against Defendants relate to discrete events that occurred in the past. At most, these discrete, past events show that Plaintiff may have faced danger in the past, but they are insufficient to show imminent danger to Plaintiff. *See Vandiver*, 727 F.3d at 585 (citations omitted).

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing

fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will

continue to be responsible for payment of the $402.00 filing fees.


Dated:     February 23, 2023          /s/ Jane M. Beckering
                                       Jane M. Beckering
                                       United States District Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.**